FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 APR 26 AM 10: 42

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TUJUANA AKINS,

    Defendant.

Case No. 1:17-cr-62

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Defendant Tujuana Akins entered a plea of guilty to a two-count superseding indictment charging her with making a false claim for a refund in violation of 18 U.S.C. §287 and attempting to obstruct lawful function of the Internal Revenue Service in violation of 26 U.S.C. §7212a. On April 26, 2018, Defendant, accompanied by her counsel, appeared for a change of plea hearing before the undersigned. Defendant consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) (Magistrate Judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, Defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed her personally and in open court and determined her competence to plead. Based on the observations of the undersigned, Defendant understands the nature and meaning of the charges returned in the superseding indictment and the consequences of her plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that no promises were made to her by anyone regarding the charges in the superseding indictment or regarding her entry of a guilty plea. There is no plea agreement in this matter and Defendant is aware of all plea negotiations that took place. Defendant was advised of the advisory nature of the Sentencing Guidelines and that the District Judge has the authority to impose a sentence that is more severe or less severe than the sentence suggested by the guidelines.

Defendant confirmed the accuracy of the material aspects of the investigating officer's statement of facts supporting the charge. She confirmed that she is pleading guilty to count one and to count two of the superseding indictment because she is in fact guilty of the offense charged in the superseding indictment. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to count one and to count two of the superseding indictment is knowingly and voluntarily made with the

understanding of the nature and meaning of the charge and of the consequences of her plea.

It is therefore **RECOMMENDED** that Defendant Tujuana Akins' guilty plea to Count One and to Count Two of the Superseding Indictment be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information and her attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

It is further **RECOMMENDED** that the District Judge require the presentence investigation report be prepared on an expedited basis.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure

to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATE: 4/26/18

Stephanie K. Bowman
STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE